## WHITLEY v. BAGGETT.

The amendment to the plaintiff's petition, allowed over the defendant's objection, was germane, and the evidence warranted a finding in the plaintiff's favor.

In so far, however, as the verdict embraced a finding for mesne profits, it is too vague and uncertain to support a judgment for any amount.

The judgment of the court below may stand after the same shall have been amended by writing off the plaintiff's recovery of mesne profits. Direction is given accordingly.

Argued February 23, — Decided April 1, 1898.

Equitable petition. Before Judge Janes. Douglas superior court. May 22, 1897.

*W. T. Roberts* and *B. G. Griggs*, for plaintiff in error.
*J. S. James* and *L. R. Ray*, contra.

LUMPKIN, P. J. An equitable petition was filed by W. C. Baggett against T. R. Whitley and F. Aderhold, the sheriff of Douglas county, to set aside a sale of land made by the sheriff to Whitley, as the property of the plaintiff. The petition alleged, that the sale was made late in the afternoon, between

three and four o'clock, after people who had come to the court-house for the purpose of bidding for the land had returned to their homes; that after four bids had been made, the highest of which was a bid of $25.00 by Whitley, and before other persons had time to bid, the property was knocked off to him at that price, although the land was worth $600; and that this sale, for the reasons stated, was illegal and fraudulent. At the trial the plaintiff offered an amendment which, after reciting a parol agreement between himself and Whitley under the terms of which he was to bid off the land for the plaintiff, and alleging that Whitley had fraudulently violated this agreement, in effect adhered to the allegations of the original petition setting forth the circumstances under which the sale actually took place. The purpose of the amendment, as we understand it, was not to compel Whitley to convey the land to the plaintiff upon the idea that the former really purchased for the latter; but the facts alleged in the amendment were set forth merely by way of inducement, and as affording a more complete explanation of the reasons why the sale to Whitley should be declared illegal and set aside. There was no prayer, either in the original petition or in the amendment, that a conveyance be made by Whitley to the plaintiff, but merely that the alleged fraudulent sale be set aside in order that a legal one might be had. This amendment was objected to, on the ground that it was not germane and set forth a new and distinct cause of action. It is true that some of the allegations of the amendment at first glance seem not to be in entire accord with the case made by the petition as at first filed, but the object in view was consistent with that of the original petition, and, as a whole, the amendment amounts merely to an amplification thereof with some additional features. We therefore hold that there was no error in allowing the amendment. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691.

The evidence was decidedly conflicting, but that introduced in behalf of the plaintiff was sufficient to authorize a verdict in his favor; and the same having been approved by the trial judge, this court will allow it to stand.

The verdict was in the following language: "We, the jury,

set aside the deed and find for the plaintiff $130 as rents, with the expenses paid to the defendant out of the $130." Manifestly, it is impossible to determine what amount the jury intended to allow the plaintiff for mesne profits, because the gross sum of $130 is to be reduced by some other sum not specified. We therefore direct that the judgment below be amended by striking therefrom so much of the same as adjudges that the plaintiff is entitled to a recovery for mesne profits.

*Judgment affirmed, with direction. All the Justices concurring, except Cobb, J., absent.*